## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Dwaine K. Hicks,          )
          )
      Plaintiff,      )
          )
    v.          )      Case No.    09-CV-261
          )      Judge Coar
Forest Preserve District of   )
Cook County Illinois,       )
          )
      Defendant.    )

## FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff DWAINE HICKS, by and through his attorneys, DELANEY LAW, in his First Amended Complaint of Defendant, FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS, and states as follows:

### INTRODUCTION

1.    Plaintiff, DWAINE HICKS, an employee of Defendant, Forest Preserve District of Cook County, Illinois, seeks redress for discrimination based on retaliation.  This case is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 5 U.S.C § 2302.

### JURISDICTION AND VENUE

2.    Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended by the Civil Rights Act of 1991, 42 U.C.S. § 1981 and



DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

5 U.S.C. § 2302.   Therefore, this Court has jurisdiction over this action pursuant
to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3)

3.    Venue in this district in proper under 28 U.S.C. § 1391(b).  The Defendant
resides in this district and the events giving rise to Plaintiff's claims occurred here.

4.    All conditions precedent to jurisdiction have occurred or been complied with, to
wit:

    a.  Plaintiff, DWAINE HICKS (hereinafter "HICKS") filed a charge No. 440-
2008-07609 against Defendant, Forest Preserve of Cook County, Illinois.
(hereinafter "Cook County") on September 26, 2008, with the Equal
Employment Opportunity Commission, (hereinafter "EEOC"), a copy of
which is attached hereto as **Exhibit 1**.

    b.  The EEOC issued HICKS a notice of right to sue charge No. 440-2008-B-
07609 a copy of which is attached hereto as **Exhibit 2**.

### PARTIES

5.    Plaintiff, HICKS, is a citizen of the United States and the State of Illinois and
resides in Chicago, Illinois, Cook County.  At all times material to this
Complaint HICKS was employed by Defendant, Forest Preserve District of Cook
County, Illinois, as a maintenance mechanic and was assigned to the Central
Garage located at 2199 South 1st Avenue, Maywood, Illinois from September 1,
2006 through on or about September 11, 2008.

6.    Defendant, Forest Preserve of Cook County, at all times relevant to this
Complaint, is a body politic and corporate pursuant to 55 ILCS 5/5-1001.

**COMPLAINT**           Page 2 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**


DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

7.    The Central Garage is located at 2199 South 1st Avenue, Maywood, Illinois (hereinafter "Central Garage") and is controlled and operated under the direction of Cook County.

8.    At all time material, Cook County was an employer as defined within the meanings of Title VII.

9.    At all time material, Cook County had a statutory duty to take all reasonable and necessary steps to eliminate discrimination and retaliation from the workplace and to prevent it from happening in the future.

**Factual Allegations Common to All Counts**

10.   On or about September 1, 2006, HICKS was hired by Cook County as a maintenance mechanic and assigned to the Central Garage.

11.   From September 1, 2006 through September 11, 2008 HICKS was in the skilled labor position of Maintenance Mechanic.

12.    Employment duties of a Maintenance Mechanic include, but are not limited to, performing maintenance and repairs on Cook County vehicles.

13.   From the commencement of his employment through present, HICKS consistently performs the duties and responsibilities of his position in an acceptable fashion.

14.   On or about September 11, 2008 without cause or justification HICKS was demoted to Service Man II.

**COMPLAINT**                    Page 3 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**

D
DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263    f: (312) 873-4465

15.   COOK COUNTY, by and through its agents and without cause or justification, threatened to terminate HICKS employment if he did not accept the demotion and lower pay grade of Service Man II.

16.   Service Man II is a different job designation with a lower pay grade than Maintenance Mechanic.  Service Man II is a menial labor position which does not perform any mechanic duties, therefore HICKS now performs tasks such as plowing snow in the winter and cutting grass and trimming trees in the summer.

## COUNT I – RACE DISCRIMINATION

17.   HICKS repeats and realleges Paragraphs one through sixteen (1-16) of this Complaint as Paragraphs one through sixteen (1-16) of Count I as though fully set forth herein.

18.   Plaintiff is an African-American, and as such, a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e to 2000e-17.

19.   At all relevant time HICKS was performing his duties and responsibilities as an employee of Cook County in a manor that met or exceeded the expectations of Cook County.

20.   At all relevant times HICKS was under the direction and control of his supervisor Thomas Thompson (hereinafter "Supervisor"), a white male approximately 40 years of age, whose title is Garage Superintendent.

**COMPLAINT**         Page 4 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**

DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

21.  In the course of his employment, HICKS was subjected to harassment and emotional abuse by his Supervisor, acting in his capacity as HICKS' supervisor, including, but not limited to the following:

   a.  Supervisor subjects HICKS higher standards than those of Caucasian workers;

   b.  Without cause or justification Supervisor issued numerous, unjustified write-ups and disciplinary complaint for HICKS's permanent employee file;

   c.  Supervisor failed to give proper notice and gave improper notice of hearing dates and times to HICKS directly relating to contested disciplinary complaints and write-ups for which there were hearings scheduled:

      i.  For example, on or about August 17, 2007, HICKS refused to sign a write up and Supervisor refused to give HICKS a copy of the write up and On September 18, 2007, Supervisor removed HICKS from the Central Garage and took him to a scheduled hearing relating to the above write-up under the guise that they were going to drop off a vehicle. HICKS was forced to sit at the hearing office for over three hours before being allowed to return back to work;

   d.  Threatening to fire Hicks if he did not accept a lower paying job a Service Man II on or about September 11, 2008;

   e.  Forcing HICKS to accept a demotion to a lower paying job as Service Man II on or about September 11, 2008, thereby removing HICKS from all his

**COMPLAINT**                    Page 5 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**

D

DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

mechanic duties, transferring him to a new work location and forcing him to perform labor tasks such as landscaping and snow plowing.

    f. As a result of the demotion HICKS salary was decreased in an amount in excess of $9 per hour.

22. HICKS' Supervisor failed to treat Caucasian employees in a like manner.

23. HICKS complained to Leroy Taylor, his Supervisor's superior at the Cook County Forest Preserve about HICKS' supervisor's discriminatory conduct toward him.

24. Cook County failed to take any corrective action regarding the above.

25. Cook County's failure to take corrective action was race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

26. Cook County's discriminatory actions caused HICKS to suffer severe humiliation, embarrassment, degradation and emotional distress.

27. The actions of Cook County were willful and intentional.

28. As a direct and proximate cause of the intentional and discriminatory acts of Cook County complained herein, HICKS has suffered and will continue to suffer pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

29. HICKS demands trial by jury.

**WHEREFORE,** HICKS prays that this Honorable Court grant judgment in his favor and against Defendant, Forest Preserve District of Cook County, Illinois and this Court grant him the following relief:

**COMPLAINT**          Page 6 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**



DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263  f: (312) 873-4465

**A.** Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

**B.** Permanently enjoin Cook County, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

**C.** Order modifications or elimination of Cook County's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that hey will no discriminate or harass on the basis of race;

**D.** Compensate and make HICKS who for all benefits he would have received but for the racially discriminatory practices of Cook County;

**E.** Award HICKS the costs and disbursements of this action, including reasonable attorney's fees;

**F.** Award HICKS punitive damages for Cook County's willful discriminatory conduct; and

**G.** Grant such other relief as may be just and proper.

**COMPLAINT**                          Page 7 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**

D
DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

## **COUNT II – RETALIATION**

30.    HICKS repeats and realleges Paragraphs one through twenty-nine (1-29) of this Complaint as Paragraphs one through twenty-nine (1-29) of Count II as though fully set forth herein.

31.    Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

32.    At all relevant time HICKS was performing his duties and responsibilities as an employee of Cook County in a manor that met or exceeded the expectations of Cook County.

33.    In the course of his employment, HICKS was subjected to harassment and emotional abuse by his supervisor, acting in his capacity as HICKS's supervisor.

34.    On November 2006, HICKS was interviewed by Supervisor and Supervisor's superior, Leroy Taylor, relating to a complaint of harassment filed by another employee, Geronimo Hernandez (hereinafter "Hernandez").

35.    HICKS cooperated with the investigation into Hernandez's Complaint and during his interview mentioned above HICKS substantiated and affirmed the details alleged by Hernandez in his complaint and affirmed that Supervisor holds employees Hernandez (Hispanic-American Male), Harris (African American Male) and HICKS to higher standards than other employees.

36.    In response to HICKS's cooperation with the investigation of Hernandez's compliant and charges, Cook County, through its employees and agents at the

**COMPLAINT**                     Page 8 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**

D
DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

Central Garage unlawfully retaliated against HICKS in violation of Title VII by, among other unlawful actions, harassing and treating him unfairly and subjecting him to a pattern of injurious conduct, including, but not limited to:

a. Immediately after cooperating with the investigation into Hernandez's Complaint, Supervisor began subjecting HICKS to even higher standards than before his cooperation with the Hernandez complaint investigation and much higher than those of Caucasian workers;

b. Immediately after cooperating with the investigation into Hernandez's Complaint, Supervisor began to issue even more write ups and disciplinary complaints and or actions against HICKS.

c. Supervisor failed to give proper notice and gave improper notice of hearing dates and times to HICKS directly relating to contested disciplinary complaints and write-ups for which there were hearings scheduled.

    i. For example, On or about August 17, 2007, HICKS refused to sign a write up and Supervisor refused to give HICKS a copy of the write up and On September 18, 2007, Supervisor removed HICKS from the Central Garage and took him to a scheduled hearing relating to the above write-up under the guise that they were going to drop off a vehicle. HICKS was forced to sit at the hearing office for over three hours before being allowed to return back to work.

d. Threatening to fire HICKS if he did not accept a lower paying job a Service Man II on or about September 11, 2008.

**COMPLAINT**
**DWAINE HICKS v**
**Forest Preserve of Cook County**

Page 9 of 12



D

DELANEY LAW
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

    e.   Forcing HICKS to accept a lower paying job as Service Man II on or about September 11, 2008, thereby removing HICKS from all his mechanic duties, transferring him to a new work location and forcing him to perform labor tasks such as landscaping and snow plowing.

    f.   As a result of the demotion HICKS salary was decreased in an amount in excess of $9 per hour.

37.   HICKS' Supervisor failed to treat Caucasian employees in a like manner.

38.   HICKS' Supervisor failed to treat employees who did not cooperate and concur with Hernandez's Complaints in a like manner.

39.   HICKS complained to Leroy Taylor, his Supervisor's superior at the Cook County Forest Preserve about HICKS's supervisor's discriminatory conduct toward him.

40.   Cook County failed to take any corrective action regarding the above.

41.   Cook County's failure to take corrective action was retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

42.   Cook County's discriminatory actions caused HICKS to suffer severe humiliation, embarrassment, degradation and emotional distress.

43.   The actions of Cook County were willful and intentional.

44.   As a direct and proximate result of Cook County's unlawful employment practices and retaliation, HICKS has suffered and continues to suffer, among other damages, loss of pay, emotional harm and mental anguish, embarrassment and related physical and psychological injuries of a severe and permanent nature.

**COMPLAINT**          Page 10 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**



Delaney Law
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465

45. HICK's demands trial by jury.

**WHEREFORE,** HICKS prays that this Honorable Court grant judgment in his favor and against Defendant, Forest Preserve District of Cook County, Illinois and this Court grant him the following relief:

**A.** Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

**B.** Permanently enjoin Cook County, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

**C.** Order modifications or elimination of Cook County's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that hey will no discriminate or harass on the basis of race;

**D.** Sufficient compensation to compensate him for his losses;

**E.** Compensate and make HICKS who for all benefits he would have received but for the unlawful employment practices of Cook County;

**F.** Award HICKS the costs and disbursements of this action, including reasonable attorney's fees;

**COMPLAINT**        Page 11 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**

**G.** Award HICKS punitive damages for Cook County's willful discriminatory

conduct; and

**H.** Grant such other relief as may be just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff,

DWAINE HICKS, demands a trial by jury.

Respectfully Submitted,

DWAINE HICKS

By:  /s/ William Delaney

One of His Attorneys

William Delaney
Cynthia M Rote
Delaney Law
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
(312) 276-0263

**COMPLAINT**                    Page 12 of 12
**DWAINE HICKS v**
**Forest Preserve of Cook County**



Delaney Law
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
t: (312) 276-0263   f: (312) 873-4465