# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DWAINE K. HICKS | ) |
| Plaintiff, | ) |
| | ) No. 09 C 261 |
| v. | ) |
| | ) |
| FOREST PRESERVE DISTRICT OF | ) HONORABLE DAVID H. COAR |
| COOK COUNTY ILLINOIS | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's renewed motion for judgment as a matter of law, Fed. R. Civ. P. 50(b), or for a new trial, Fed. R. Civ. P. 59. For the reasons stated below, the motion is DENIED. In light of that, the court proceeds to determine the amount of back pay due to Hicks and any other appropriate remedies, as discussed below.

## BACKGROUND

The facts are more fully set forth in this court's opinion denying summary judgment, so a brief summary suffices. Plaintiff Hicks is African American. He worked for the Forest Preserve as a maintenance mechanic for two years, and during that time, he consistently complained that his supervisor, Thomas Thompson, discriminated against him by, among other things, giving him only old clunkers to repair and then disciplining him for taking too long. When a co-worker, Gronimo Hernandez, filed a complaint against Thompson alleging that he discriminated against Hispanics and African Americans, Hicks participated in the resulting investigation. Later, Hicks was demoted to a "serviceman II" position, an unskilled position performing landscaping work that paid about $9 per hour less than his old position. He contended that he was demoted

because he participated in the investigation and because of his race. The District responded that Hicks's union representative had asked if "anything could be done" for him short of termination, and the result was a meeting in which management told Hicks that his performance—based largely on Thompson's reports—was unsatisfactory. Management offered him a choice of taking the serviceman II position and having his most recent disciplinary reports erased, or refusing the offer and challenging the reports, in which case the District would pursue sanctions up to termination. Hicks accepted the demotion.

The intermediate supervisor between Hicks and Thompson, Joseph Hruska, testified that Thompson, along with two other upper-level employees, told him that Hicks and Gonzalez needed to be fired because they had filed charges of discrimination against Thompson. Per their instructions, Hruska put together disciplinary reports against Hicks that he believed to be false. Hruska himself thought Hicks's work satisfactory and timely.

At the close of the plaintiff's case, defendant moved for judgment as a matter of law on the retaliation claim, and this court denied the motion. The jury agreed with Hicks that the demotion was retaliatory and awarded him $30,000. Now defendant renews its motion for judgment as a matter of law.

## ANALYSIS

### I. Motion for Judgment as a Matter of Law

Once the jury has rendered a verdict, the court construes all facts in the light most favorable to the prevailing party. *Wallace v. McGlothan*, 606 F.3d 410, 418 (7th Cir. 2010). Judgment as a matter of law is appropriate only if there is "no legally sufficient evidentiary basis" for a rational jury to find for the plaintiff. *Hendrickson v. Cooper*, 589 F.3d 887, 889 (7th Cir. 2009); *Wallace*, 606 F.3d at 418; Fed. R. Civ. P. 50. A post trial motion for judgment as a

matter of law under Rule 50(b) can be granted only on the ground advanced in a pre-trial motion under Rule 50(a). *Wallace v. McGlothan*, 606 F.3d 410, 418 (7th Cir. 2010).

Similarly, a new trial is appropriate only when "the verdict is against the weight of the evidence." *Pickett v. Sheridan Health Care*, 610 F.3d 434, 440 (7th Cir. 2010); *see* Fed. R. Civ. P. 59. On either motion, the court does not re-weigh evidence or make credibility determinations. *Pickett*, 610 F.3d at 440; *Tate v. Exec. Mgmt. Servs.*, 546 F.3d 528, 532 (7th Cir. 2008). This means that when there is testimony that favors both sides, the jury is entitled to disbelieve the defendant's witnesses and find for the plaintiff. *Pickett*, 610 F.3d at 440.

The District first renews its argument, rejected at the summary judgment stage, that Hicks suffered no adverse employment action. The District contends that Hicks voluntarily accepted the serviceman II position and thus was not demoted. In its motion the District devotes only three sentences to this argument and does not explain what, if any, evidence surfaced only at trial that should change the court's analysis on this matter. In light of that, the court sees no reason to disturb the jury's verdict. The District also argues that none of the other actions the District took would constitute an adverse employment action, but that is immaterial because the jury was entitled to find that the demotion was an adverse employment action.

The District next renews its argument, also rejected at summary judgment, that Hicks did not produce enough evidence for a reasonable jury to find causation or pretext; that is, to find that Hicks was demoted because he participated in the investigation. The District argues that Thompson did not have any input in the decision to demote Hicks, and that the "cat's paw" theory does not apply to impute Thompson's motive to the actual decisionmakers. The jury disagreed, and there was enough evidence for them to do so. Hruska testified that Thompson told him they needed to get rid of Hicks because he had participated in the investigation, and the

jury could have concluded that Thompson's negative reports about Hicks led to his demotion. Perhaps the jury also would have had enough evidence to find for the defendant, but this court cannot second-guess the jury's weighing of the evidence and their credibility determinations.

Defendant also renews its objection to the jury instruction regarding retaliation. Defendant contends that the instruction inadequately states Seventh Circuit law because it does not identify the specific adverse employment action, and thus makes it impossible to determine the basis for the jury's verdict. However, defendant does not identify any Seventh Circuit law that requires a jury instruction on retaliation to describe the adverse action.

The motion for judgment as a matter of law or for a new trial is DENIED.

## II. Remedies

With the jury's verdict intact, the court turns to the issue of remedies. Hicks asks to be reinstated in his former position. "Reinstatement is the preferred remedy for victims of discrimination, and the court should award it when doing so is feasible." *Bruso v. United Airlines*, 239 F.3d 848, 861 (7th Cir. 2001). Although, as defendant notes, the working relationship between Hicks and Thompson is not likely to be pleasant after this suit, that alone is not a sufficient reason to deny reinstatement. *See id.*; *Price v. Marshall Erdman & Assocs.*, 966 F.2d 320, 325 (7th Cir. 1992). Defendant also objects that the maintenance mechanic position is currently occupied by the person selected to replace Hicks after his demotion. But making the victim of discrimination whole ordinarily requires reinstating him, even if that requires bumping an incumbent who was hired to fill the position. *Bruno v. Crown Point, Ind.*, 950 F.3d 355, 360 (1991) (citing *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 764-66 (1976)). Defendant is ordered to reinstate Hicks within 30 days of the date of this order. In light of this ruling it is unnecessary to consider plaintiff's alternate argument for front pay.

Hicks also requests back pay. Defendant's objection to awarding back pay is premised on its view that the jury's verdict should be overturned, and since the court has declined to do so, the only real issue is the amount to which Hicks is entitled. The parties agree on the amounts of back pay due for 2008 and 2009, so the court awards Hicks back pay in those amounts: $4,413.60 for 2008 and $19,125.60 for 2009 (totaling $23,539.20). As for 2010, defendant contends that back pay stops accruing as of the date of judgment. But Hicks is entitled to be made whole, *Miles v. Indiana*, 387 F.3d 591, 599 (7th Cir. 2004); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 420-21 (1975), and cutting off back pay as of the date of the judgment will not accomplish that. Nothing changed on the day of the judgment; Hicks was not reinstated and his salary did not increase. Hicks is owed back pay until he is reinstated. The amount of back pay due is calculated by multiplying the difference between Hicks's old and new salaries by the number of weeks in the year. Hicks's former salary of $29.621 per hour less his new salary of $20.426 per hour equals a difference of $9.195. Assuming a 40-hour week, and given that 50 weeks of the year have passed, as of the date of this order the amount due is $18,390.[*] However, back pay will continue to accrue until Hicks is reinstated.

The only issue remaining is the amount of prejudgment interest due to Hicks. The parties agreed that Hicks is entitled to prejudgment interest on the back pay due as of the date of judgment. But plaintiff contends that interest should be calculated using the Illinois statutory rate of 5%, and defendant contends that it should be calculated using the prime rate of 3.25%. The Seventh Circuit has held that if there is no statutory interest rate, the district court should use the prime rate unless it engages in a refined rate-setting analysis. *First Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1992) (holding that to "award something

---

[*] Plaintiff asks the court to "take notice that a course of dealing exists which would suggest that an additional four wage increases are due to Plaintiff" under the union's new contract, which is apparently still being negotiated. (Reply, Dkt. 108 at 10.) However, to date there is no indication that the wages have been increased.

other than the prime rate is an abuse of discretion, unless the district court engages in such a refined [rate-setting] calculation"); *see also Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 820 (7th Cir. 2002); *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). Because the cause of action arises under federal law, and there is no federal statutory interest rate, the prime rate is appropriate. Accordingly, prejudgment interest is calculated using the prime rate of 3.25%. The amount of back pay due as of the date of judgment, August 27, 2010, is $37,147.80 ($367.80 difference per week x 101 weeks). $37,147.80 times the interest rate of 0.0325 is $1207.30 in prejudgment interest.

## CONCLUSION

The motion for judgment as a matter of law or for a new trial is DENIED. Defendant is ordered to reinstate Hicks to his former position of maintenance mechanic within 30 days. Hicks is awarded back for 2008 and 2009 in the amount of $23,539.20, and back pay for 2010 in the amount of $18,390, for a total sum of $41,929.20. However, back pay will continue to accrue until Hicks is reinstated. Hicks is further awarded $1207.30 in prejudgment interest.

    Enter:
    /s/ David H. Coar

    _____
    David H. Coar
    United States District Judge

**Dated:** December 17, 2010